# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY L. SPEARMAN, | Case No.  1:10-cv-02320-SAB (PC) |
| Plaintiff, | ORDER DISMISSING THIS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE |
| v. | |
| FEDERAL BUREAU OF PRISONS, et al., | |
| Defendants. | |

Plaintiff Teddy L. Spearman ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors.  On April 10, 2013, the Court received a returned order that was issued on February 12, 2013.  The sixty-three (63) day period for notice of change of address has now expired, and Plaintiff has not filed a notice of change of address or otherwise notified the Court.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.  Plaintiff was advised of this rule in the Court's First Informational Order.  (ECF No. 5 ¶ 11.)  Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was

1

returned, and he has not notified the Court of a current address.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Prods. Liab. Lit., 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail.  Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are no other reasonable alternatives available.  See Carey, 856 F.2d at 1441.  Accordingly,

IT IS HEREBY ORDERED that:

1.    This action is DISMISSED, without prejudice, based on Plaintiff's failure to prosecute; and

2.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 3, 2013**

_____
UNITED STATES MAGISTRATE JUDGE